# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FT. WAYNE DIVISION

| | |
|---|---|
| NATHANIEL F. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 1:06-CV-302 RL |
| vs. | ) |
| | ) |
| ALLEN COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. section 1915A.

Nathaniel F. Sanders, a *pro se* prisoner, submitted a complaint under 42 U.S.C. section 1983. Pursuant to 28 U.S.C. section 1915A, a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears
> beyond doubt that the plaintiff can prove no set
> of facts in support of his claim which would

> entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Sanders alleges that for the two months he spent in H-Block, the showers were filthy. He alleges that he and others complained, but that there was no immediate response. According to Sanders, there was a green fungus on the ceiling and that water dripping from the ceiling was also green.  Eventually the showers were cleaned, but that the ceiling was not.  During this time he allegedly experienced an irritation on his scalp. He was reclassified to another cell block and in August he was seen by a doctor who prescribed an anti-fungal cream which has been ineffective.  A nurse who examined him said that his condition is getting worse and told him to see the doctor again.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and

though the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer,* 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

A dirty shower with green fungus is undeniably unpleasant, but it is unlikely that it denied Sanders the minimal civilized measure of life's necessities. Dispositive to the issue here is the question of deliberate indifference. It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of

deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

Sanders alleges that he and others complained about the green fungus on the ceiling, so Defendants had actual knowledge. What is lacking here is a substantial risk of serious harm. Sanders acquired a fungal infection for which he is receiving medical treatment. It is, as he says, "physical and mentally uncomfortable!" (Compl. at p.

4.) What it is not is a serious harm. Athlete's foot, another fungal infection for which there is a substantial risk at communal showers, is not a serious harm. Though Defendants delayed in having the showers cleaned, neither Sanders nor any of his fellow inmates may dictate to jail officials how they are to operate the jail. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Delay is not deliberate indifference; neither is the inefficiency of the trustees who eventually cleaned the showers. The threshold for liability set by the Eighth Amendment is very high and based on the allegations in this complaint, there is simply no basis for finding that Defendants were criminally reckless in letting the showers become and remain filthy because they knew that fungus would pose a substantial risk of serious harm which they wanted to befall Sanders or any other inmate.

It does not appear Sanders is alleging that he has been denied medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether a defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Here again the question is one of deliberate indifference. Sanders has been seen and treated by a doctor and a nurse. Though his care has not yet been successful, his treatment has not been abandoned. Rather the nurse has told him to return to the doctor for further treatment. Not all medical treatment

is successful, but the Eighth Amendment does not require success, it only prohibits wanting harm to come to the inmate.

Finally, Sanders objects to having to pay any of the cost of his medical treatment. The Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care. *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997).

For the forgoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. section 1915A.

**DATED: September 6, 2006**              **/s/RUDY LOZANO, Judge**
                                          **United States District Court**